UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCIOUS STOVALL AND<br>MS. KENNETTE TERRANCE | CIVIL ACTION § 1983<br><br>NO. |
| VERSUS | JUDGE: |
| JEFFERSON PARISH SHERIFF<br>NEWELL NORMANN, JPSO,<br>MICHAEL TUCKER, JOHN LADD<br>ROBERT BLACKWELL, HENRY<br>CONRAVEY, JOHN COLLINS,<br>JOSEPH BAUDIER, SOLOMON BURKE,<br>JPSO OFFICERS JOHN AND JANE DOE[S] | MAG. JUDGE: 13-5151<br><br>JURY TRIAL   SECT. J MAG. 5 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORIGINAL COMPLAINT

LUCIOUS STOVALL AND KENNETTE TERRANCE, come to this Court and state the following things done to them by defendants and the numerous injuries caused to them by the officers who are the defendants named in this lawsuit.

Jurisdiction

Federal Law Claims

1.

Jurisdiction of this Court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§. 1983, 1985, 1986, and 1988.

Jurisdiction for injunctive relief by this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201; 42 U.S.C. §§ 1983, and 1988; and the Fourth, Fifth, Eight, and Fourteenth Amendments of the United States Constitution. Stovall and Terrance reserve their rights to request injunctive relief as needed.





ORIGINAL

2.

This is a civil action to enjoin and redress Stovall & Terrance's deprivation of rights, under color of state law, by local authorities—as such authorities have been defined by the United States 5th Circuit Court of Appeal in *Holly Ray Burns v. Sheriff Jack Strain, et al.* [5th Cir. No. 05-30837], *and Burge v. Parish of NOPD*, 187 F.3d 452, citing *Mairena*, 816 F.2d at 1064 and *Hudson*, 174 F.3d 677—in violation of their rights, privileges, and immunities under the United States Constitution and the Louisiana State Constitution.

3.

Pendant State Law Claims

Jurisdiction of this Court for pendent claims is authorized by 28 U.S.C. § 1367 with respect to any state law claims, inasmuch as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and under F.R.Civ.P.18(a) and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715.

4.

Pendent claims arise from violation of claimant's right, as set forth in those claims and as the rights violated are expressly guaranteed and protected under the Louisiana State Constitution, particularly due process of law, right to individual dignity, right to privacy, right to judicial review, right to human treatment, and access to courts; and under the laws of the State of Louisiana including but not limited to liability for any and all acts causing damages.

**VENUE**

5.

Venue in the United States Courts for the Eastern District of Louisiana is proper under 28

U.S.C. § 1391(b), as Stovall & Terrance are residents of Louisiana when the violations and actions took place in within the Parish of Jefferson, the State of Louisiana.

## PARTIES

### Complainants

6.

A. **Complainants LUCIOUS STOVALL AND KENNETTE TERRANCE** are persons of the age of majority, who are residents of the State of Louisiana, within the Eastern District of these Courts, at the most recent times relevant hereto.

### Defendants

7

B. **Defendant SHERIFF NEWELL NORMANN AND THE JEFFERSON PARISH SHERIFF'S OFFICE** in his official capacity, who in concert with co-defendants did destroy and alter "testamentary evidence",

C. **Defendant Narcotics Department Officer MICHAEL P. TUCKER** who at all times pertinent hereto was a narcotics department officer for the Jefferson Parish Sheriff's Office and who was involved in the actions against Stovall and Terrance and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

D. **Defendant Narcotics Department Officer JOHN LADD** who at all times pertinent

hereto was a narcotics department officer for the Jefferson Parish Sheriff's Office and who was involved in the actions against Stovall and Terrance and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

E. **Defendant Narcotics Department Officer ROBERT BLACKWELL** who at all times pertinent hereto was a narcotics department officer for the Jefferson Parish Sheriff's Office and who was involved in the actions against Stovall and Terrance and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

F. **Defendant Narcotics Department Officer HENRY CONRAVEY** who at all times pertinent hereto was a narcotics department officer for the Jefferson Parish Sheriff's Office and who was involved in the actions against Stovall and Terrance and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

G. **Defendant Narcotics Department Officer JOSH COLLINS** who at all times pertinent hereto was a narcotics department officer for the Jefferson Parish Sheriff's

Office and who was involved in the actions against Stovall and Terrance and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

H. **Defendant Narcotics Department Officer JOSEPH BAUDIER** who at all times pertinent hereto was a narcotics department officer for the Jefferson Parish Sheriff's Office and who was involved in the actions against Stovall and Terrance and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

I. **Defendant Narcotics Department Officer SOLOMON BURKE** who at all times pertinent hereto was a narcotics department officer for the Jefferson Parish Sheriff's Office and who was involved in the actions against Stovall and Terrance and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

J. **Defendant Narcotics Department Officers JOHN AND JANE DOE[S]** who at all times pertinent hereto were a narcotics department officers for the Jefferson Parish Sheriff's Office and who were involved in the actions against Stovall and Terrance

and which actions were the cause in fact of their physical and emotional injuries and which were violations of their rights under 42 U.S.C. § 1983, et seq. and under the Louisiana Constitution and its laws.

Statement of Facts

8.

Complainants Lucious Stovall and Kennette Terrance were on the East Bank of Jefferson Parish on July 27, 2012.

9.

At approximately 10:00-10:30 PM the evening of July 27, 2012, they pulled into the McDonald's parking lot to get something to eat.

10.

The McDonald's is located on South Causeway Blvd. in the neighborhood area at the end of the Causeway Blvd exit where it enters onto Jefferson Highway.

11.

Shortly after they pulling into the McDonald's Parking lot and stopped, three cars came in to the lot and blocked their car.

12.

Not one of the cars was marked as a police car.

13.

Not one of the cars had police car lights or any other signs of identification.

14.

None of the cars had or turned on any lights or sirens or speakers.

15.

Stovall and Terrance subsequently learned that the people in the cars were Jefferson Parish Sheriffs officers, working with the Narcotics Bureau.

16.

The officers were all white men and the complainants are African-American.

17.

None of the officers called to Stovall and Terrance while they were in their car.

18.

Stovall saw that these men had guns and were getting out of the unmarked cars and coming in the direction of the Stovall car.

19.

None of the officers ever called out to Stovall or Terrance.

20.

Afraid of these armed men who had no signs or identification as police officers, Stovall drove his car over the small hillside which is adjacent to the McDonald's parking lot.

21.

A number of the policer officers began shooting at Stovall and Terrance and at the Stovall car.

22.

The shots from the officers glazed Ms. Kennette Terrance during the shooting.

23.

The Stovall car was riddled with bullets and broke of the glass from the windows which also cut Ms. Terrance.

24.

Stovall himself was shot two times and ultimately taken to University Hospital for treatment of his two gunshot wounds.

25.

Stovall's head was also glazed by a shot which did not pierce his head.

26.

Stovall was in the hospital and treated there for ten days.

27.

The police officer defendants who are identified above were those who shot and injured both Stovall and Terrance.

28.

The police and District Attorney eventually charged with everything from attempted murder of a police officer—although neither Stovall or Terrance had a firearm or weapon or tire tool or anything that they could have used to harm anyone.

29.

Neither Stovall nor Terrance did anything to any of the police officers nor did they resist arrest.

30.

Since the District Attorney is pursuing certain charges against Stovall, he has not been able

to identify the specific officers who fired the specific shot which hit and injured him.

31.

Once discovery is conducted, Stovall and Terrance will amend this complaint and specifically identify each officer who shot them and also identify what part each named defendant played and who was the cause-in-fact of each injury and harm inflicted on them.

32.

Stovall and Terrance has suffered serious injury that are both physical and emotional and have been unable to work and to secure work since the time of the shooting almost a year ago.

33.

Sheriff Newell Normann is sued in this official capacity only as responsible for the hiring of these deputies and for establishing policies which prevent the acts which caused the injuries suffered by Stovall and Terrance. Sheriff Normann is not vicariously liable for the actions of the deputies under federal law.

However, Stovall and Terrance have also filed Louisiana law claims under which Sheriff Normann and the department are liable vicariously for the actions of the deputies.

## COUNT I – § 1983 CAUSES OF ACTION

34.

These defendants ASSAULTED, SHOT, INJURED, AS WELL AS MALICIOUSLY PROSECUTED AND FALSELY charged plaintiffS in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Under color of law, and having made a custodial arrest, defendants did inflict serious, permanent injuries upon Stovall & Terrance and

cause damages to them and otherwise violate their federal constitutional and federal civil rights.

35.

These defendants acted in combination and in concert to commit unlawful and unconstitutional acts against plaintiff. Furthermore, the law under the Fourth, Fifth, Eighth, and Fourteenth Amendments in this regard is clearly established so as to defeat any purported police defendants' qualified immunity for state law claims.

36.

Complainant Stovall & Terrance repeat and re-allege and incorporate by reference the allegations in paragraphs above with the same force and effect as if set forth herein.

37.

At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

38.

Acting under the color of law, defendants worked a denial of Stovall & Terrance's rights, privileges, and immunities secured by the United States Constitution and by Federal law.

## COUNT II - ENUMERATED § 1983 VIOLATIONS

39.

Complainant Stovall & Terrance repeat and re-allege and incorporate by reference the allegations in paragraphs above with the same force and effect as if set forth herein.

40.

At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983,

1985, 1986, and 1988.

41.

Acting under the color of law, defendants worked a denial of Stovall & Terrance's rights, privileges, and immunities secured by the United States Constitution and by Federal law, including but not limited to the violations enumerated immediately below.

42.

**VIOLATION OF 42 U.S.C. 1983 - Concerted Unlawful and Malicious Subsequent Arrests and Charges** which deprived Stovall & Terrance of both his liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

43.

**VIOLATION OF 42 U.S.C. 1983 - Concerted Unlawful and Malicious Sequential Fabrication, Destruction of Evidence, and Alteration of Evidence,** which deprived Stovall & Terrance of both his liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

44.

**VIOLATION OF 42 U.S.C. 1983 - Neglecting to Prevent** defendant officers under this control, from violating the rights, privileges, and immunities of Stovall & Terrance—as set forth in the facts at paragraphs above or neglect in preventing deprived Stovall & Terrance of both his liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

45.

The named defendants through their public offices violated complainant rights as those rights are expressly guaranteed and protected under *Holly Ray Burns v. Sheriff Rodney Jack Strain, et al.* [No. 07-30837, 14 January 2008], *Monell v. New York City Dept of Social Services,* 436 U.S. 658, *City of Canton v. Harris,* 489 U.S. 387, *McMillian v. Monroe County,* 520 U.S. 781, *Bryan County Comm'r v. Brown,* 520 U.S. 397, *and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108, *Perez,* 454 So.2d 806, *Bush I,* 538 So.2d 606, and *Bush II,* 541 So.2d 903.

46.

At all times pertinent hereto, the defendants were acting under color of law, statutes, customs, policies, ordinances and usages of the State of Louisiana.

47.

At all times pertinent hereto, the Sheriff and his department failed to adopt sufficient policies to deter or prevent the violating of Stovall & Terrance's civil rights.

48.

At all times pertinent hereto, these defendants failed to develop and/or maintain a custom or policy to identify, discipline, rehabilitate and/or retrain its police officers who violated Stovall & Terrance's civil rights.

49.

The illegal and unconstitutional policies and procedures of the department were the driving force of the deprivation of Stovall & Terrance's rights herein.

50.

Furthermore, through improper training, improper hiring, negligent retention, ineffective internal policies, ignoring patterns and practices of abuse, these defendants were deliberately indifferent to said policies and procedures leading to Stovall & Terrance's rights being violated.

51.

The District Attorney and the defendants used the policy and procedure to engage in illegal activities to illegally secure charge against innocent persons, here in violation of Stovall & Terrance's federal and state rights.

52.

As a result of their various violations, these defendants are liable to plaintiff pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

53.

At all times pertinent hereto, The Sheriff, his department, and defendants acting under color of law, are responsible for the actions and inactions of his subordinates as they relate to the violations of Stovall & Terrance's civil rights, in the following non-exhaustive particulars:

1. Failure to properly hire, train, discipline and/or supervise the officers under their authority;

2. Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs;

3. Condoning a pattern, practice and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the defendants offices and departments;

54.

All of the acts and omissions alleged herein are established customs, policies and practices, which, among others, have the effect of depriving Stovall & Terrance of his right to due process of law, including freedom from unreasonable searches and seizures, as well as other rights, privileges and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Louisiana, which directly and proximately caused the damages complained of herein.

55.

At all times pertinent hereto, defendants were acting within the course and scope of their employment and authority under the color of law, with the liable for the acts of said defendants and/or vicarious liability for all causes and claims stated herein.

56.

As a result of their various violations, these defendants are liable to Stovall & Terrance pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

## COUNT VI – DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

57.

By maliciously and illegally and sequentially arresting, falsely charging plaintiff, and denying plaintiff a good faith prosecution, a right to a fair trial, all color of law officials and district-attorneys defendants violated Stovall & Terrance's rights to due process and equal protection as set forth by the United States Constitution and that of Louisiana as well.

## COUNT VIII – LOUISIANA STATE LAW CLAIMS

58.

Based on the facts stated above, plaintiff hereby asserts various claims under the Louisiana Constitution and laws of the State of Louisiana, including the vicariously liability of the Sheriff.

59.

Based on the facts stated above, defendants did knowingly and intentionally, or in the alternative negligently, violate Stovall & Terrance's rights as those rights are protected and guaranteed under the Constitution of the State of Louisiana and that of Louisiana law.

60.

The facts underlying defendants' violations of Stovall & Terrance's rights are distinct and separate from any facts underlying the various charges created, made, altered—and almost one year after the incident, newly charged against Stovall & Terrance—such that they can coexist with any fact-based aspect of any element of any charge which has been created, made, and now advanced by the defendants Clerk of Court and District Attorney.

## DAMAGES

61.

Stovall was shot twice and glazed by unidentified and un-uniformed persons who he subsequently learned were police officers working for the Jefferson Parish Sheriff's office.

62.

Terrance was glazed and cut by glass from the windows of the Stovall vehicle which the officers shot out—leaving 22 bullet holes in the Stovall car.

64.

Stovall claims all damages which resulted from the actions of the defendants and which shall be proved between now and the trial of this action.

65.

Terrance claims all damages which resulted from the actions of the defendants and which shall be proved between now and the trial of this action.

### Request for Trial by Jury

66.

We, Lucious Stovall and Kennette Terrance, request that this matter be tried by a jury in the federal court.

### Request for Relief

67.

Based on the facts stated above, and against all defendants and award such damages as are allowed under federal and state law, including all penalties and fees and costs for bringing this matter and those fees and costs required to defend Stovall & Terrance in the fraudulent criminal matters.

### Verification of the Facts

68.

I, Lucious Stovall & I, Kennette Terrance have personal knowledge of the facts and statements made herein and therefore verify that these facts are true to the best of my knowledge and belief. I have worked with counsel to comply with the requirements needed to submit this complaint.

Verified on 23 July 2013.

*Lucious Stovall*　　　　　　　　　　　　　　*Kennette Terrance*

Lucious Stovall　　　　　　　　　　　　　　Kennette Terrance,
Plaintiff　　　　　　　　　　　　　　　　　Plaintiff

Filed respectfully,

*Lucious Stovall*
Lucious Stovall

*Kennette Terrance*
Kennette Terrance

1328 Lecompte Drive
Westwego, Louisiana 70094
Telephone: (504) 319.0615

Withhold Issuance of Summons
& Service At This Time